IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN TAYLOR, #153251, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04-CV-39-MHT |
| ) | [WO] |
| ) | |
| GWENDOLYN MOSLEY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Martin Taylor ["Taylor"], a state inmate who suffers from diabetes, contends that defendant Mosley, the warden of Easterling Correctional Facility ["Easterling"], denied him orange juice in violation of a settlement agreement entered on January 15, 2004 in *Gaddis v. Campbell*, Case Action No. 2:03-CV-390-MHT (M.D. Ala. 2004). *Plaintiff's Complaint* at 2-3. Taylor further asserts that he is not receiving proper eye care, the prison is overcrowded and he sometimes has to stand outside to receive his medication. *Id*. at 3. He seeks an order requiring compliance with the *Gaddis* settlement agreement, monetary damages and transfer to a less secure correctional facility.

The defendant filed a special report and supporting evidentiary materials addressing Taylor's claims for relief. Pursuant to the orders entered in this case, the court deems it

appropriate to treat this report as a motion for summary judgment. *Order of March 17, 2004 - Court Doc. No. 9.* Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and Taylor's response in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## I.  FACTS

Taylor contends that on December 20, 2003 and continuing for several days correctional officials failed to provide him with orange juice in violation of the terms of the *Gaddis* settlement.[1] Taylor also maintains that while at Easterling he has been denied appropriate eye care, subjected to overcrowded conditions and forced, on occasion, to stand in the "cold and rain to get medicine." *Plaintiff's Complaint* at 3. Defendant Mosley denies that she acted with deliberate indifference to Taylor's health or safety. She further asserts that Taylor has not been subjected to unconstitutional conditions of confinement.

## II.  STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, Taylor is required to produce some evidence which would be admissible at trial supporting his constitutional claims. *See* Rule 56(e), *Federal Rules of Civil Procedure*. Specifically,

---

[1] The court notes that, contrary to Taylor's assertion, the settlement agreement entered in *Gaddis* did not require that diabetic inmates receive orange juice on a daily basis. *See Defendant's Exhibit B* at 8. The pertinent portion of the agreement states as follows: "The ADOC will include at least two fruit servings per day. The term 'fruit' is defined as fresh fruit, canned fruit (water-packed, juice-packed, rinsed or artificially sweetened), or one-half cup of 100% fruit juice." *Id*.

2

he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). To demonstrate a genuine issue, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no

3

genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Taylor has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

#### A. Violation of Settlement Agreement

In *Gaddis*, the parties entered into a settlement agreement regarding challenges to treatment provided to diabetic inmates in the Alabama prison system. That agreement, negotiated by counsel for the plaintiff class of which Taylor is a member, resolved the existing claims for injunctive relief but, by its terms, did not preclude members of the class from bringing individual damage actions. *Defendant's Exhibit B* at 11. The agreement did,

however, expressly bar enforcement of the settlement agreement in federal court. *Id.* at 10 ("This Settlement Agreement is not a consent decree, and is not enforceable in federal court."). Thus, to the extent that Taylor bases his complaint on the defendant's alleged violation of the settlement agreement entered in *Gaddis*, he is entitled to no relief in this venue as this settlement agreement by its own terms is not enforceable in federal court. Accordingly, in the interest of justice and when liberally construing the complaint as this court must do, the court construes Taylor's claims to allege that defendant Mosley acted with deliberate indifference to his medical needs.

### B. Eighth Amendment Claims

To prevail on a claim concerning deliberate indifference in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (correctional officials may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). In order to meet his burden on such a claim, an inmate must establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the prison official must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*,

792 F.2d 1052, 1058 (11th Cir.1986). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition for finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

"In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence

or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams*, 61 F.3d at 1545. Thus, to survive summary judgment on his claims of deliberate indifference, Taylor is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

    **1. Denial of Orange Juice**. In addressing this claim, warden Mosley maintains that

although Easterling "experienced some shortages in [food] supplies ordered [from the central warehouse], including orange juice . . . [i]n instances where orange juice was not available for breakfast, a sugar-free breakfast drink was substituted. At present, we have a supply of orange juice, and it is being served as intended." *Defendant's Exhibit A - Affidavit of Gwendolyn C. Mosley* at 2. Taylor has presented nothing to dispute this assertion. Moreover, the record is completely devoid of evidence that the defendant had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Taylor, that the defendant actually drew this inference and thereafter ignored this risk. Taylor has therefore failed to establish the requisite element of subjective awareness on the part of defendant Mosley. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of the defendant on this claim.

    **2. Proper Eye Care**. Taylor asserts that the medical treatment provided to him at Easterling for his eye problems is improper. In response to the defendant's special report, Taylor maintains that defendant Mosley should be or is aware of his "eye trouble [because] it's in [his] medical file." *Plaintiff's April 8, 2004 Response - Court Doc. No. 10* at 2. It is clear from the pleadings filed in this case that defendant Mosley is not a health care professional and serves as a defendant with respect to this claim solely due to her supervisory position as the warden of Easterling. "There is 'no *respondeat superior* liability for a § 1983 claim.' *Marsh [v. Butler County, Alabama*, 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc*)]. Although § 1983 requires a connection between the official's acts

or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006).

Taylor has presented no evidence sufficient to create a genuine issue of disputed fact with respect to the claim that defendant Mosley acted with deliberate indifference to his eye condition. The record is devoid of evidence that defendant Mosley personally participated in or had any involvement with the medical treatment provided to Taylor. Additionally, there is nothing before the court which indicates that the course of treatment provided by medical personnel resulted as a consequence of a policy established by the defendant. Moreover, the law does not impose upon correctional officials a duty to directly supervise medical staff, to set policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment). The court therefore concludes that defendant Mosley's motion for summary judgment is due to granted.

**3. Inclement Weather and Overcrowding**. Taylor complains that on occasion he has been compelled to stand in the cold and rain while waiting to receive his medication. Defendant Mosley denies this claim. *Defendant's Exhibit A - Affidavit of Gwendolyn C.*

9

*Mosley* at 2 ("During inclement weather, inmates attending pill-call may utilize the inside Health Care Unit waiting lobby or may stand underneath the nearby gymnasium porch."). Taylor further complains that Easterling is overcrowded.

"Prison conditions rise to the level of an Eighth-Amendment violation only when they involve the wanton and unnecessary infliction of pain. To establish 'unnecessary and wanton infliction of pain,' a plaintiff is required to show 'that officials acted with specific intent.' *Campbell[v. Sikes*, 169 F.3d 1353, 1362 (11th Cir. 1999)." *Miller v. King*, 384 F.3d 1248, 1260 (11th Cir. 2004) (citations omitted). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Chandler v. Crosby*, 379 F.3d 1278, 1288-1289 (11th Cir.2004) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

> To show an Eighth-Amendment violation, a prisoner must satisfy both an objective and a subjective inquiry. *Chandler,* 379 F.3d at 1289-90; *Farrow [v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)]. Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." *Chandler,* 379 F.3d at 1289-90; *Farrow,* 320 F.3d at 1243; *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399. "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90 (quoting *Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000) (other citation omitted).
> Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979 (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

> which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Hudson,* 503 U.S. at 8, 112 S.Ct. at 999; *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition or serious medical need in issue. *Chandler,* 379 F.3d at 1289-90 (quoting *Hudson,* 503 U.S. at 8, 112 S.Ct. at 999). Negligence or even gross negligence does not satisfy this standard. *Id.*; *Cottrell v. Caldwell,* 85 F.3d 1480, 1490 (11th Cir.1996).

*Miller*, 348 F.3d at 1261.

Neither standing in inclement weather nor mere confinement in an overcrowded prison is "sufficiently serious to violate the Eighth Amendment." *Hudson*, 503 U.S. at 8. It is likewise clear that the challenged conditions do not represent "the denial of 'the minimal civilized measure of life's necessities'" nor are they extreme conditions which "pose 'an unreasonable risk of serious damage to [Taylor's] future health.'" *Miller*, 384 F.3d at 1261 (citations omitted). Moreover, Taylor has presented no evidence which indicates that defendant Mosley knew he faced "a substantial risk of serious harm" and with such knowledge disregarded that risk. *Farmer*, 511 U.S. at 828.

Under the undisputed facts of this case, the actions about which Taylor complains do not allege sufficiently grave deprivations so as to rise to the level of constitutional violations. In light of the foregoing, defendant Mosley is entitled to summary judgment on these claims.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1. The motion for summary judgment filed by defendant Mosley be GRANTED.

    2. Judgment be GRANTED in favor of the defendant.

    3. This case be dismissed with prejudice.

    4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 22, 2006 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 9th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE